UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESUS VELEZ, et al., | Case No.: 5:10-CV-05052-LHK |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE |
| ENTERPRISE PROTECTIVE SERVICES, INC. et. al., | |
| Defendants. | |

Plaintiffs Jesus Velez[1] and Sergio Roque (collectively "Plaintiffs") filed a motion for entry of default judgment on May 20, 2011 after the Clerk of the Court entered default as to Defendant Enterprise Protective Services, Armand Aranda and Does 1-10 ("Defendants"). Pursuant to Civil Local Rule 7-1(b), the Court deems this matter appropriate for resolution without oral argument, and vacates the August 11, 2011 motion hearing and case management conference. Based on inconsistencies in the damages calculations and supporting documentation submitted by Plaintiffs as detailed below, the Court DENIES Plaintiffs' motion without prejudice. Plaintiffs shall submit a

---

[1] Plaintiff signed his declaration as "Jesus Velez." However, Plaintiffs' motion also refers to him as "Jesus Valez." The Court will defer to the signature on the declaration in this Order. In addition, the Complaint refers to a third Plaintiff, a Mr. Juan Valadez. However, the motion for entry of default judgment does not mention Mr. Valadez. Accordingly, the Court only considers the claims of Plaintiffs Velez and Roque.

1

Case No.: 10-CV-05052-LHK
ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

renewed motion for default judgment, curing the deficiencies identified below, within 30 days of this Order.

**I. Background**

Plaintiffs are two residents of Santa Clara County that worked for Enterprise Protective Services, a corporation with a principal place of business in Gilroy, CA. Compl. ¶¶ 2-3. Both Plaintiffs were employed providing security for local businesses through Enterprise Protective Services for approximately 18 months. Velez Decl. at 19, ¶ 7 ("Velez Decl."); Roque Decl. at 18, ¶ 5 ("Roque Decl."). These businesses included Mi Pueblo Food Store and an unnamed nightclub. *Id.* During the course of their employment, Plaintiffs allege that they regularly worked in excess of eight hours per day and more than forty hours per week. Compl. ¶¶ 10-11. Each Plaintiff was paid on an hourly basis and received bi-weekly pay checks. Plaintiffs have submitted check stubs for certain periods as documentation of their employment. *See* Velez Decl., Exh. 1; Roque Decl., Exh 1. Plaintiffs also allege that they wrote the number of hours worked on time sheets that were submitted to management. Mot. for Entry of Default Judgment ("Motion") at 3-4. However, Plaintiffs were not provided with copies of the time sheets. *Id.*

Plaintiff Velez claims he was paid $9.00 per hour for the first 39 weeks of employment covering February 2008 to November 2008. Plaintiff Velez alleges he was given a raise to $9.50 per hour for the second half of his employment covering November 2008 to December 2009. *See id.* at 3. Plaintiff Velez claims to have worked twelve hours per day for three days each week. Plaintiff Velez also alleges he worked one extended week per month, consisting of his normal week plus an additional six-hour shift on a "fourth day."

Plaintiff Roque worked for Enterprise from May 2008 until December 2009 and was paid $10.00 per hour for the majority of his employment, except for his first six weeks where he was paid $9.50 per hour. Plaintiff Roque claims the same work schedule as Plaintiff Velez, working twelve hours per day for three days a week, with an occasional "fourth day" where he worked a six hour shift. *See* Roque Decl. ¶ 10. However, Plaintiff Roque claims that he worked this extra day every other week, or approximately once per pay period. In addition, Plaintiff Roque worked for Defendants providing security at a night club once a week for a 6 hour shift. He worked this job

2

for two months (approximately July through August 2008) and was paid by a separate check, entitled "BONUS."

Plaintiff Velez states he was never paid any overtime, even though he worked more than eight hours per day every day he worked, and more than 40 hours per week every fourth week. Plaintiff Roque acknowledges that he was occasionally paid overtime, but only when his work exceeded 80 regular-time hours in a two week period. *See* Motion at 7. However, Plaintiff Roque was never paid daily overtime for his twelve hour days, and was not paid overtime for the weeks he worked more than 40 hours in one week but less than 80 hours in two weeks. *Id.* In August of 2009, both Plaintiffs' hours were reduced to six hours per day. Plaintiffs do not allege that they were working overtime after August 2009. *Id.*

Alleging various federal and state causes of action for failure to pay overtime, Plaintiffs filed a Complaint on November 8, 2010. Plaintiffs claim that Defendants are liable for overtime pay under both the California Labor Code and the Federal Labor Standards Act ("FLSA"). Defendants have not submitted a response or appeared in this action. Presently before the Court is Plaintiffs' motion for entry of default judgment.

## II. Legal Standards

The district court's decision whether to enter a default judgment is a discretionary one. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). After the Clerk enters default under Fed. R. Civ. P. 55(a), the Court may enter a default judgment against the party. *See* Fed. R. Civ. P. 55(b)(2). "A failure to make a timely answer to a properly served complaint will justify the entry of a default judgment." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)) (quotation marks omitted). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (*citing Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### III. DISCUSSION

#### A. Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). This Court has subject matter jurisdiction (federal question) over Plaintiffs' FLSA claim. *See* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). This Court has supplemental jurisdiction over the related state law claims. *See* 28 U.S.C. 1367(a).

Moreover, the Court has personal jurisdiction over Defendants, as Enterprise Protective Services "is a Corporation in the state of California with its primary place of business in Gilroy, California," and Defendant Aranda was allegedly an owner or manager of Enterprise Protective Services. Compl. ¶ 3. Plaintiffs also allege that "a substantial part, if not all, of the events giving rise to this action have occurred in Santa Clara County." Compl. ¶ 6; *see also* Roque Decl. ¶ 9 ("I did in fact normally work 4 days per week, at various Mi Pueblo Foods stores in the Bay Area."). Accepting these factual allegations as true, the jurisdictional prerequisites are satisfied.

#### B. Likely Meritorious Claims

Taking the factual allegations as true, Plaintiffs' federal and state claims for failure to pay overtime appear to have merit. Specifically, Plaintiffs' first claim is that they are due overtime under California Labor Code Section 1194(a). This section states that "any employee receiving less than . . . the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." *See* Cal. Labor Code § 1194. "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek must be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." *See* Cal. Labor Code § 510(a). Plaintiffs allege they worked twelve

4

hours a day and were not properly compensated for the four hours of overtime per day or the occasional week they worked over 40 hours, as documented by his pay stubs and time sheets.

Plaintiffs' second claim is for liquidated damages under FLSA for unpaid overtime. Under FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 207 prohibits any employer from employing any of his employees for a workweek longer than forty hours unless such employee receives compensation for those hours at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207(a)(1). Section 216(b) clearly mandates that when overtime is not properly provided to employees, liquidated damages must be additionally awarded to such employees in the amount equal to the amount already owed. 29 U.S.C. § 216(b). Therefore, Plaintiffs are likely entitled to liquidated damages.

Plaintiffs' third claim is under § 17200 of the Business and Professions Code for the predicate violations of unpaid meal time with respect to Plaintiff Roque's night club shifts. California Labor Code Section 226.7 provides that "[n]o employer shall require any employee to work during any meal or rest period . . ." Cal. Labor Code § 226.7(a). An employer is required to provide employees with a meal period of not less than 30 minutes if the employee is employed for more than five hours per day. Cal. Labor Code § 512. "If an employer fails to provide an employee a meal period or rest period . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Labor Code § 226.7(b). Here, Plaintiff Roque provided a sworn declaration that states that they were denied an uninterrupted thirty minute meal break two times per week on average. *See* Roque Decl. ¶ 27. Defendant has not appeared, and thus has not refuted Plaintiffs' evidence.

Plaintiffs' fourth claim is that Defendants failed to provide all wages due upon termination of employment, thereby entitling Plaintiffs to 30 days of wages as waiting time penalties under California Labor Code Section 203. California Labor Code Section 203 provides that "[i]f an

5

United States District Court / For the Northern District of California

employer willfully fails to pay, without abatement or reduction, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a). Upon discharge, the employees' earned and unpaid wages are due within 72 hours. Cal. Lab. Code § 201(a). Here, according to the evidence provided, Plaintiffs were willfully not paid a portion of their earned wages within 72 hours of discharge as required by California statute. Motion at 21. Defendant has not provided any justification for noncompliance or raised a "good faith dispute" that wages are due to Plaintiffs.

Plaintiffs' fifth and last claim is for failure to provide complete and accurate wage statements. California Labor Code § 226(a) mandates that an employer "furnish each of his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee. . . ." Cal. Lab. Code § 226(a). Under subsection (e) of the same provision: "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [section 226(a)] is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) . . . ." Cal. Lab. Code § 226(e). The employee suffers an "injury" when an employer fails to provide an employee with accurate, itemized wage statements. *See Kisliuk v. ADT Sec. Services, Inc.*, 263 F.R.D. 544, 548-49 (C.D. Cal. 2008) ("'actual injury may consist of impairment or diminution . . . of a right,' such as Plaintiff's right to receive an itemized pay statement."). Plaintiffs' unrefuted evidence sufficiently establishes injury for purposes of Section 226(a).

### C. Substantial Inconsistencies in Damages Calculations

While it appears Plaintiffs have valid claims, the Court cannot yet grant default judgment because the documentation provided as to hours worked is substantially inconsistent with the damages requested as to unpaid overtime.

Specifically, Mr. Velez provides 22 biweekly pay stubs covering 78 weeks of work. Velez Decl., Exh. 1. He has no documentation of hours worked for a continuous seven week period

6

Case No.: 10-CV-05052-LHK
ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

1   between September 26, 2008 and November 22, 2008, and for the five months after March 27,
2   2009. Plaintiff calculates damages by stating "In a regular week, VELEZ would work 12 hours per
3   day 3 days per week. Therefore he incurred 12 hours per weekly [sic] of daily overtime. . . . As
4   such, he is entitled to 12 hours of daily overtime pay for each [of the 78 weeks] he was employed
5   by the Defendant." *See* Motion at 8-9. If Plaintiff worked twelve hours per day and three days per
6   week, the Court expects his pay stub to reflect approximately 72 hours per two week period.
7   Furthermore, Plaintiff Velez claims he worked an additional six hours on a fourth day
8   approximately once per month. Therefore, the Court would expect his hours to be around 78 every
9   other pay period. However, none of the pay stubs submitted is near 78 hours of work. Instead,
10  many of the pay stubs reflect hours worked of closer to 60-65 hours for a two-week period.
11  Plaintiffs do not claim they worked hours for which they were not compensated. *See* Motion at 5
12  ("Plaintiffs were paid their regular rate for all hours worked, including those in excess of eight in
13  one day and 40 in one week. Plaintiffs were not paid the 1/2 time premium pay mandated by both
14  state and federal law."). Furthermore, some pay checks (9/13/2008-9/26/2008, 5/10/2008-
15  5/23/2008) reflect 45-55 hours of work in a two week period. Plaintiffs must submit additional pay
16  stubs or declarations explaining the hours worked each pay period and providing calculations that
17  accurately reflect the hours he worked and a more accurate number of overtime hours owed. Given
18  the documentation that states Mr. Velez worked significantly less than 72 hours per week, the
19  Court cannot grant him overtime pay based on the current allegations and documents.

20  While Plaintiff Roque's documented hours are closer to the statements in his declaration of
21  the number of hours worked, there are still inconsistencies in the alleged overtime hours. Plaintiff
22  Roque submitted 42 pay checks that reflect his hours worked for almost every week in question.
23  *See* Roque Decl., Exh 1. He claims he worked twelve hours per day, three days a week with a six
24  hour shift on a fourth day every other week for 63 weeks. *See* Motion at 9. His biweekly pay
25  check should reflect 78 hours per week and he notes only nine pay checks around 78 hours. Roque
26  Decl. Exh 1. However, the pay checks appear to show that Plaintiff Roque has not worked more
27  than 72 hours in a biweekly period since March 2009, despite his overtime claims here running
28  through August 2009. Moreover, Plaintiff Roque's pay checks show that he was paid for some

7
Case No.: 10-CV-05052-LHK
ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE

overtime hours at a time-and-a-half pay rate.  Roque Decl. Exh 1.  If Plaintiff Roque was already paid overtime, he may not seek overtime damages for those hours in this action.  Therefore, as with Plaintiff Velez, the Court cannot grant Plaintiff Roque's damages request at this time.

The Court is disturbed by these substantial inconsistencies, and will not grant default judgment without an accurate determination of overtime hours worked and not paid.

### III.  Conclusion

Accordingly, Plaintiffs' motion for entry of default judgment is DENIED WITHOUT PREJUDICE.  Plaintiffs shall submit a renewed motion for entry of default judgment, with additional support to cure the deficiencies identified above, within 30 days of this Order.  The August 11, 2011 motion hearing and case management conference are vacated.

**IT IS SO ORDERED.**

Dated: August 8, 2011

_____
LUCY H. KOH
United States District Judge